UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ASSET FUNDING GROUP, LLC**                                CIVIL ACTION

**VERSUS**                                                  NO. 07-02965

**ADAMS & REESE, LLP**                                      SECTION B(4)

ORDER AND REASONS

Plaintiff AFG's objections (Rec. Doc. 163) to the Magistrate Judge's discovery order (Rec. Doc. 148) relative to attorney-client privilege are **DISMISSED**.[1] That part of the Magistrate Judge's order concerning work-product doctrine is remanded for further consideration by the Magistrate Judge.

Federal Rules of Civil Procedure 72(a) provides in pertinent part that:

> Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. . .
>
> . . . The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Further, 28 USC § 636(b)(1)(A) provides that a "judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate

---

[1] The order at issue arose from consideration of AFG's motion to compel discovery at Record Document 20.

judge's order is clearly erroneous or contrary to law." In applying the "clearly erroneous" standard, a District Court shall affirm the decision of the Magistrate Judge unless, based on all the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *See Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D.La. 1999).

**Waiver of Attorney-Client and Work-Product Privileges**

Magistrate Judge Roby ruled that the attorney-client privilege was not waived with respect to the documents contained in defendant's privilege log. However, AFG contends that neither the attorney-client privilege nor the work product privilege shield the Greif[2] documents from production.

AFG relies upon *Cousins v. State Farm Mutual Automobile Ins. Co.*, 258 So.2d 629, 635 (La. App. 1 Cir. 1972). In *Cousins*, the defense attorney had jointly represented the insurer and the insured in a lawsuit which resulted in a judgment in excess of the policy limits. *Id.* The plaintiffs issued a subpoena for the production of the defense attorney's entire file and the insurer filed a motion to quash. *Id.* The court in *Cousins* concluded that the client is entitled to the benefit of the opinions, conclusions, and theories of his attorney as may be reflected

---

[2] Greif Industrial Packaging & Services, LLC (Greif) was represented by Defendant law firm prior to and in part of the time period that the law firm represented AFG, regarding property lease negotiations. AFG executed a written conflict of interest waiver in September 2006.

2

from the contents of the attorney's file. *Id.* The *Cousins* court also held that an attorney may not be permitted to withhold information that would adversely affect the legal rights of a client on the ground that it would disclose the attorney's or expert's opinions or conclusions concerning the rights of another client whom the attorney represented simultaneously in the same manner. *Id.* at 635-36.

The court in *Cousins* further noted that where parties display mutual trust in a single attorney, each must be deemed to consent that the attorney may disclose to the others any and all opinions, theories or conclusions should such an opinion become material in a subsequent action between the parties and arising from the matter in which the opinion was expressed. *Id.* at 636.  However, as Magistrate Judge Roby noted, in this case, each client separately sought the representation of A&R and their interests were not aligned as in the *Cousins* case. AFG was the holder of the Master Lease and Greif was interested in becoming the lessee.

In discussing *Cousins*, AFG relies upon *Thelen Reid & Priest LLP v. Marland*, 2007 WL 578989 (N.D.Cal. 2007). In *Thelen*, the defendant law firm represented two clients with intertwined interest. When one client sued the law firm, the law firm asserted the attorney-client and work-product privileges over documents and communications. The court ordered the law firm to

3

produce the documents listed in its privilege log. *Id.* at *7. The court observed that, because the plaintiff client's and other client's interest intertwined, the documents implicated or affected the plaintiff client's interests, and the law firm's fiduciary relationship with the plaintiff client therefore lifted the lid on these communications. *Id*.

Like *Cousins*, *Thelen* is not applicable. *Thelen* also deals with parties with similar interest at the beginning of the joint representation. AFG cites no case in which adverse parties were represented by the same firm, and the court held that the law firm had waived the attorney-client and work-product privileges. Magistrate Judge Roby noted that the Court has not been provided with any information regarding whether a conflict waiver was sought from Greif. AFG asserts that the privilege log shows that such a waiver was obtained. *See* Privilege Log, GR 5923-5987. However, AFG's discovery request relating to the representation of Greif is objectionable because Greif has not agreed to waive its attorney-client privilege concerning any of the information requested.

**Applicability of the Attorney-Client Privilege**

Rule 501 of the Federal Rules of Evidence requires that a federal court sitting in diversity look to state law when evaluating the attorney-client privilege. La. Code Evid. Art.

4

506(B) provides that a client has the privilege to refuse to disclose, and prevent another person from disclosing "confidential communication." As Magistrate Judge Roby observed, a "confidential communication" is not intended to be disclosed to anyone other than "those whom disclosure is made in furtherance of obtaining or rendering professional legal services for the client." La. Code Evid. Art. 506(A)(5)(a).

AFG asserts that A&R has not proven the applicability of the attorney-client privilege based on alleged ambiguities such as the privilege log's listing the author of one document as an "attorney of A&R." *See* GR 2951. In Louisiana, the person who was the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege on behalf of the client, former client, or deceased client. La. Code Evid. Art. 506(D). To establish attorney-client privilege, several elements must be proven: (1) the holder of the privilege is or sought to become a client; (2) the communication was made to an attorney or his subordinate in a professional capacity; (3) the communication was made outside the presence of strangers; (4) the communication was made to obtain a legal opinion or services; and (5) the privilege has not been waived. *Cacamo v. Liberty Mutual Fire Ins. Co.*, 798 So.2d 1210 (La.App.4th Cir. 2001), writ not considered, 806 So.2d 665 (La. 2002) and writ denied, 807 So.2d 844 (La. 2002).


It is the defendant's burden to prove the applicability of the privilege.

The Magistrate Judge properly recognized the existence of the A&R-Greif attorney-client relationship, noting that "there is no dispute that Adams & Reese represented Greif." A&R represented Greif in the Evans bankruptcy proceeding and also in the negotiation of the lease agreement with Asset.

AFG's assertion that A&R has not proven the applicability of the attorney-client privilege is based on a few ambiguities in the privilege log documents. However, such ambiguities do not necessitate the production of the entirety of the privileged documents. The privilege log shows that all the communications and documents listed therein were between A&R and Greif and related to A&R's representation of Greif. Rule 506 unambiguously provides that the confidential communications herein at issue- communications between attorneys, A&R, and their client, Greif- are protected from disclosure. Therefore, the attorney-client privilege applies to these communications.

**Applicability of the Work Product Doctrine**

Rule 26(b)(3) protects against the discovery of "work product." Work product is defined as documents and tangible things that have been prepared in anticipation of litigation or for trial. The burden of demonstrating applicability of work

6

product protection rests on the party invoking it. *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 108787 *4 (E.D.La. 2008)(*citing Hodges, Grant & Kaufmann v. U.S. Government*, *Dept. of the Treasury*, *I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985)). A court must initially determine whether the documents were prepared in anticipation of litigation; the mere fact that litigation eventually ensues does not, alone, protect all documents related to the subject matter of the litigation. *Id.* (*Citing Binks Mfg. Co. v. National Presto Indus. Inc.,* 7009 F.2d 1109 (7th Cir. 1983)).

Magistrate Judge Roby did not discuss the applicability of the work-product doctrine to documents 3100-6243 or why the privilege should not be overcome. A&R must show how these documents were prepared in anticipation of litigation or for trial. Any documents prepared in anticipation of litigation or for trial should not be produced.

Accordingly, the Magistrate Judge's decision (R. Doc. 148) is **AFFIRMED** on judgment of attorney-client privilege. The remaining work-product issue is remanded to the Magistrate Judge for re-consideration, limited to documents noted above.

New Orleans, Louisiana, this 20th day of September, 2008.

**UNITED STATES DISTRICT JUDGE**