UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASSET FUNDING GROUP, LLC                               CIVIL ACTION

VERSUS                                                 NO:      07-2965

ADAMS AND REESE, LLP                                   SECTION: "B" (4)

## ORDER

Before the Court is a **Motion To Resolve Issues Regarding the Applicability of Work-Product Privilege To Greif Documents Numbered 3100 Through 6243 (R. Doc. 202)**, filed by the Defendant, Adams and Reese, LLP ("Adams & Reese"), pursuant to Judge Lemelle's November 3, 2008 **Order. (R. Doc. 201.)** The Plaintiff, Asset Funding Group, LLC ("Asset") opposes the motion. (R. Doc. 205.) The motion was heard with oral argument on Wednesday, December 3, 2009.

### I.   Background[1]

On September 6, 2008, the undersigned issued an Order (R. Doc. 148) revoking and rescinding its previous Order (R. Doc. 121.) In the September 6th Order, the undersigned ultimately denied the remaining outstanding issues from Asset's Motion To Compel (R. Doc. 20), specifically Request For Production Nos. 1 to 8 and 12 to 15, which sought the production of documents: (1) related to Adams & Reese's prior representation of Greif during the bankruptcy proceeding; (2)

---

[1] An expansive summary of the facts has been previously provided in this Court's earlier rulings. For a complete factual summary, reference should be made to the earlier opinions of the undersigned.

which demonstrate that conflicts check occurred; and (3) which pertain to Greif's interest in assuming the Master Lease Agreement underlying the subject litigation.

Thereafter, on September 22, 2008, Asset filed Asset's Objections To Portions of Magistrate Judge Roby's September 6, 2008 Order (R. Doc. 163). On November 3, 2008, the presiding district judge, Judge Ivan L.R. Lemelle, issued an Order (R. Doc. 201) as to the motion for appeal wherein he remanded to the undersigned for reconsideration of the issue of the applicability of the work-product doctrine to certain documents. Judge Lemelle simultaneously ordered Adams & Reese to show how these documents were prepared in anticipation of litigation or for trial. Accordingly, Adams & Reese filed the instant Supplemental Memorandum in Further Support of Applicability of Work-Product Privilege to Greif Documents Numbered 3100 through 6243. (R. Doc. 202.) Asset filed a Reply To Defendant's Supplemental Memorandum. (R. Doc. 205). The Court now considers the work-product issue as it relates to the Greif documents below.

## II. **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d

2

1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

### III. Analysis

Adams & Reese contends that the documents subject to work product protection fall into the following six privilege categories:

(1) Category A: Internal Adams & Reese Communications Regarding Issues Related to Greif's Participation in the Evans Bankruptcy which Reflect the Mental Processes of Adams & Reese's Attorneys.

(2) Category B: Drafts of Documents Prepared by Adams & Reese Attorneys on Behalf of Greif for Use in Connection with Greif's Participation in the Evans Bankruptcy.

(3) Category C: Legal Research File and Legal Research Memoranda Pertaining to Greif's Participation in the Evans Bankruptcy.

(4) Category D: Documents which Form the Basis of a Separate Motion to Compel.

(5) Category E: Documents Pertaining to a Conflict Check for a Matter Unrelated to this Litigation or the Evans Bankruptcy and Occurring after the Commencement of this Litigation; and

(6) Category F: Communications Relating to Adams & Reese's Retention of Montgomery Barnett to Represent Adams & Reese in the Instant Action.

(R. Doc. 202-2, pp. 4-5.)

With respect to Categories A, B, and C, Adams & Reese argues that: (1) the work product doctrine applies to work product in bankruptcy proceedings; and (2) the requested documents contain Adams & Reese's work product and mental impressions. (*See generally* R. Doc. 202-2, pp. 5-12.) As to Category D, it insists that the documents are subject to the in-house counsel attorney-client privilege. (R. Doc. 202-2, pp. 12-13.) Adams & Reese argues that Category E is subject to work-product protection and such information is irrelevant. (R. Doc. 202-2, p. 13.) Finally, it asserts that it cannot be compelled to produce the communications between it and its attorneys and communications relating to its defense of this action as enumerated in Category F. (R. Doc. 202-2, pp. 13-14.)

In opposition, Asset contends that the applicability of work product and opinion work product privilege has not been proven as to: (1) the conflict documents, engagement letter, letter of intent, and in-house communications; (2) lease documents and the Asset Purchase Agreement; (3) various attorney notes; (4) the environmental condition of the property; (5) other non-litigation related matters; and (6) the remaining bankruptcy documents. (R. Doc. 205-3, pp. 3-9.) Asset further insists that the privilege can and should be overcome, because Asset has absolutely no other means to discover this information from other sources and has a substantial need for the information to prepare for its case. (R. Doc. 205-3, p. 11.) It contends that Adams & Reese's mental impressions, conclusions, legal theories, and legal strategy are at the heart of the issues and that Adams & Reese is attempting to use work product as both a sword and a shield. (R. Doc. 205-3, p. 14.) At minimum, Asset insists that production of the documents should not be denied without first permitting *in camera* review. (R. Doc. 205-3, p. 15.)

During the oral hearing, Asset argued that Adams & Reese is attempting to prevent the

production of a variety of materials to which the work product doctrine, without question, remains inapplicable. The Court will address the arguments of both parties in due course below.

### A. Lease Agreement Between Greif and Asset

Adams & Reese's privilege log includes entries include Document No. GR0003216, a draft of an assignment and assumption of lease between Greif Industrial Packaging & Services and Greif USA LLC and the Asset Funding Group lease. During the oral hearing, Asset argued that the lease agreements and documents related to the negotiation and drafting of leases certainly were not prepared in anticipation of litigation and therefore should be produced. The Court agrees and orders Adams & Reese to produce the lease which is listed as Document No. GR0003216, no later than fifteen (15) days from the signing of this Order.

### B. Documents Related To Environmental Condition of the Property

Adams & Reese's privilege log also contains certain documents which relate to the environmental condition of the Houston and Harvey properties at issue in this litigation.[2] Asset asserts that, while Adams & Reese was communicating with LDEQ and other entities, there was no litigation over the environmental condition of the property and the documents were not created in anticipation of litigation. Asset also emphasizes that Adams & Reese asserts work product as to other "non-litigation related matters." It therefore insists that such documents are not subject to work product protection.

---

[2] Specifically, Adams & Reese's privilege log includes the following: GR0003223, GR0003301, GR0003302, GR0003332, GR0003338, GR0003354, GR0003358, GR0003362, GR0003363, GR0004873, GR0005164, GR0005573, GR0005770, GR0005787, GR0005798, GR0005799, GR0005838, GR0005840, GR0005842, GR0005844, GR0005847, GR0005853, GR0006034, GR0006035, GR0006036, GR0006037, GR0006064, GR0006070, GR0006096, GR0006098, GR0006100, GR0006108, GR0006110, GR0006112, GR0006117, GR0006121, GR0006141, GR0006145, GR0006149, GR0006156, GR0006160, GR0006164, GR0006185, GR0006194, GR0006195, GR0006197, GR0006207, GR0006226, GR0006231, GR0006234.

The Court inquired about the meaning of the phrase "Greif Harvey," as referenced in log entries GR0003338, GR0003354, GR0003358, and GR0003362. Counsel for Asset explained that this most likely refers to Asset's facility in Harvey which Greif subsequently leased. He noted that Asset's primary concern during the bankruptcy proceedings was that it wanted the lease to continue. He also noted that Greif won in the bankruptcy proceedings and then, shortly thereafter, agreed to lease the property for two years. Counsel for Asset also alleged that Adams & Reese represented both parties concurrently. Therefore, Asset explains that it ultimately seeks to acquire the materials relating to the purported concurrent representation in connection with the lease.

After considering counsel for Asset's arguments on this issue, the Court examined Document No. GR0003363 which refers to an email regarding LDEQ with various attachments.[3] The undersigned asked counsel for Adams & Reese whether there were some environmental issues other than those involved in this case. Counsel for Adams & Reese indicated that there were not. Counsel for Asset reiterated the conflict of interest issue. Specifically, he explained that Adams & Reese was well aware of the environmental conditions while working for Grief, but never told Asset to make a claim and quantify it as to the environmental claim during the bankruptcy.

Upon review of the arguments presented, the Court finds that the documents with respect to the environmental condition of the property are subject to production and are not protected by the work product doctrine, as they concern communications with governmental third parties and engineers. Therefore, Adams & Reese is ordered to produce the following no later than fifteen (15) days from the entry of this Order:

---

[3] Specifically, the log entry references attachments of certified letters from LDEQ to Ron Landry, LDEQ Administrative Completeness Determination, letter from US EPA to Ron Landry, an LPDES Permit Application to Discharge Wastewater from Industrial Facilities, letters from Waldemar S. Nelson Engineers and Architects to Chuck Brown at LDEQ regarding Water Discharge Permit, and LDEQ Permitting Change of Ownership Form.

- GR0003223, GR0003301, GR0003302, GR0003332, GR0003338, GR0003354, GR0003358, GR0003362, GR0003363, GR0004873, GR0005164, GR0005573, GR0005770, GR0005787, GR0005798, GR0005799, GR0005838, GR0005840, GR0005842, GR0005844, GR0005847, GR0005853, GR0006034, GR0006035, GR0006036, GR0006037, GR0006064, GR0006070, GR0006096, GR0006098, GR0006100, GR0006108, GR0006110, GR0006112, GR0006117, GR0006121, GR0006141, GR0006145, GR0006149, GR0006156, GR0006160, GR0006164, GR0006185, GR0006194, GR0006195, GR0006197, GR0006207, GR0006231, and GR0006234.

### C. **Communications Related To Montgomery Barnett's Representation of Adams & Reese in the Instant Litigation**

Adams & Reese asserts that it cannot be compelled to produce communications between it and its attorneys and communications relating to its defense of this action. Specifically, Adams & Reese seeks to prevent the production of communications relating to Montgomery Barnett's representation of Adams & Reese in the instant legal malpractice action. (R. Doc. 202-2, p. 13.) It labels these documents as Category F.[4]

During the hearing, counsel for Asset argued that he was unclear how or why documents relating to Montgomery Barnett's representation of Adams & Reese in this case would be in Greif's file. According to counsel for Asset, it is quite bizarre that Greif's files would contain any information regarding the suit between Asset and Adams & Reese. He insisted that these documents do not constitute work product in anticipation of litigation *for Greif*. (emphasis added).

The Court asked counsel for Adams & Reese to explain this issue. Counsel for Adams & Reese noted that they had, in fact, placed the aforementioned communications, as well as all in-house counsel communications, in Greif's file. He explained that this was a legal malpractice action wherein Asset alleges a conflict of interest occurred as a result of a purported concurrent

---

[4] Category F is comprised of the following documents: GR0006217, GR0006218, GR0006237-38, GR0006239, GR0006240, GR0006241, and GR0006242.

representation involving Greif. He argued that, since the instant litigation pertains to Greif peripherally, counsel believed it was relevant to Greif's file for future reference. He also emphasized that each of the communications at issue occurred after the termination of the suit by Asset.

The Court reiterates that work product would only apply to items created in anticipation of litigation involving Greif. Although counsel for Adams & Reese argued that attorney-client privilege also applies as to these documents, the undersigned reminded counsel that the attorney-client privilege and work product issues are separate and distinct. Nonetheless, the Court acknowledged counsel for Adams & Reese's alternative argument that the documents are privileged by virtue of *Adams & Reese and Montgomery Barnett attorney-client relationship*. (emphasis added). Upon consideration of the arguments regarding the Category F documents and upon further review of the privilege log, the Court determines that–with the exception of Document No. GR0006238–all remaining documents in Category F are protected by the work product doctrine.[5] Therefore, the Court orders Adams & Reese to produce Document No. GR0006238 for *in camera* review no later than fifteen (15) days from the entry of this Order.

### D. Documents and Research Related to Greif's Participation in the Evans Bankruptcy

Adams & Reese argues that the work product doctrine applies in bankruptcy proceedings by way of Federal Rule of Bankruptcy Procedure 7026. Accordingly, it argues that documents from Category A[6] and Category B[7]–*i.e.*, the documents related to Greif's participation in the Evans

---

[5] *See infra* p. 13.

[6] Category A, which consists of internal Adams & Reese communications regarding issues related to Greif's participation in the Evans Bankruptcy which purportedly reflect the mental processes of Adams & Reese attorneys, is comprised of the following documents: GR0003332-37, GR0003338-49, GR0003354-57, GR0003358-61, GR0003362,

bankruptcy–are not subject to production. During the hearing, counsel for Adams & Reese explained that, in the bankruptcy proceeding, Greif was attempting to purchase Evans's assets in a "zero-sum negotiation," whereby every gain in purchase price inured totally to Evans's benefit. Counsel further emphasized that the documents in Categories A and B contain the mental impressions and litigation strategies of Adams & Reese's attorneys and therefore are entitled to work product protection. Counsel for Adams & Reese also asserted that there is ongoing bankruptcy-related litigation regarding the actual implementation of the Evans reorganization.

In opposition, counsel for Asset noted that privilege log entry Document No. GR0003332 refers to an email regarding an LDEQ letter concerning permits and reconditioning. Counsel thus implied that this entry, as well as many of the documents for which Adams & Reese seeks protection should not, in fact, be protected.

---

GR0003363-64, GR0004782-91 GR0004631-41, GR0005216-40, GR0004851-55, GR0005248-71, GR0005937-38, GR0005939-41, GR0004894-96, GR0005942-44, GR0004897, GR0005945-47, GR0005948-50, GR0005951-52, GR0005955-62, GR0005963-66, GR0005923-25, GR0005934, GR0004894-96, GR0004897, GR0005164, GR0005165-70, GR0005171-79, GR0005183-89, GR0005195-201, GR0005202-15, GR0005404-10, GR0005444-45, GR0005494-96, GR0005573, GR0005665-86, GR0005695, GR0005705, GR0005709, GR0005711, GR0005713, GR0005714, GR0005715, GR0005725, GR0005726, GR0005734, GR0005740, GR0005745, GR0005746, GR0005747, GR0005751, GR0005752, GR0005761, GR0005762, GR0005763, GR0005765, GR0005766, GR0005767, GR0005770, GR0005776, GR0005777, GR0005778, GR0005780, GR0005786, GR0005787, GR0005788-89, GR0005790, GR0005791, GR0005798, GR0005799-800, GR0005801, GR0005804, GR0005811, GR0005814, GR0005815, GR0005816, GR0005827, GR0005829, GR0005834, GR0005838-39, GR0005840-41, GR0005842-43, GR0005844, GR0005845, GR0005846, GR0005847, GR0005848, GR0005849, GR0005850, GR0005851, GR0005853, GR0005855, GR0005856, GR0005857, GR0005858, GR0005869, GR0005874, GR0005878, GR0005879, GR0005880, GR0005883, GR0005884, GR0005894, GR0005895, GR0005921, GR0005922, GR0005971-74, GR0005987, GR0005988, GR005994, GR0006006, GR0006007, GR0006022, GR0006024, GR0006025, GR0006026, GR0006027, GR0006028, GR0006029, GR0006037, GR0006052, GR0006056, GR0006057, GR0006058, GR0006062, GR0006064, GR0006070, GR0006072, GR0006094, GR0006096, GR0006098-99, GR0006100-01, GR0006108-09, GR0006110-11, GR0006141-44, GR0006145-48, GR0006149-52, GR0006156-59, GR0006160-63, GR0006164-68, GR0006169-70, GR0006175, GR0006177-78, GR0006179-80, GR0006185, GR0006194, GR0006195-96, GR0006197, GR0006198, GR0006199, GR0006200, GR0006207, GR0006226, GR0006228-30, GR0006231, GR0006232, GR0006233, GR0006234-35, and GR0006236.

[7]Category B, which consists of drafts of documents prepared by Adams & Reese attorneys on behalf of Greif for use in connection with Greif's participation in the Evans bankruptcy, includes the following:GR0003624-35, GR0003670-701, GR0003702-44, GR0003745-75, GR0003909-30, GR0004553-66, GR0005935-36, and GR0004631-41.

9

The Court acknowledges counsel for Asset's concern about the seeming overly expansive nature of Adams & Reese's work product protection argument as to the Evans bankruptcy documents. The Court notes that the documents at issue are not automatically protected by the work product doctrine simply because they somehow relate to the bankruptcy. The undersigned also emphasizes that various items listed in the privilege log make no reference whatsoever to the bankruptcy proceeding. In addition, the undersigned remains unpersuaded by counsel for Adams & Reese's suggestion that each and every document created after the filing date of the bankruptcy should be protected. In fact, the Court notes that, generally, any items created after March 9, 2007 cannot constitute work product since the bankruptcy proceeding concluded on that date.

The Court is also of the opinion that the Asset Purchase Agreement and/or Lease and certain associated documents are discoverable. While counsel for Adams & Reese cites *In re Financial Corporation of America*, 119 B.R. 728, 738 (C.D. Cal. Bankr. 1990) as support for the argument that documents created in anticipation of potential litigation with a trustee are subject to the protections of work product doctrine, the Court notes that Adams & Reese's privilege log makes no reference to the trustee himself, Mr. Patrick Sharp.[8] It is not, as Adams & Reese suggests, work product. Rather, it simply amounts to the negotiation of a commercial transaction. In light of the foregoing, the Court orders Adams & Reese to produce the following documents no later than fifteen (15) days from the signing of this Order:

- Document Nos. GR0003624, GR0003670, GR0003702, GR0003745, GR0003909, GR0004415, GR0004446, GR0004553, GR0004631, GR0004796, GR0004851,

---

[8] According to counsel for Adams & Reese, Patrick Sharp was Greif's trustee and Eric Derbes was his counsel.

    GR0004859, GR0004894, GR0004897, GR0005165,[9] GR0005190,[10] GR0005494,
    GR0005665, GR0005697,[11] GR0005698, GR0005705, GR0005711, GR0005713,
    GR0005717, GR0005721, GR0005725, GR0005726, GR0005752, GR0005762,
    GR0005763, GR0005767, GR0005777, GR0005778, GR0005780, GR0005796,
    GR0005814, GR0005815, GR0005829, GR0005838, GR0005840, GR0005848,
    GR0005849, GR0005850, GR0005851, GR0005856, GR0005859, GR0005869,
    GR0005874, GR0005878, GR0005880, GR0005883, GR0005884, GR0005895,
    GR0005917, GR0005921, GR0005922, GR0005923, GR0005934, GR0005935,
    GR0005937, GR0005939, GR0005942, GR0005945, GR0005948, GR0005951,
    GR0005955, GR0005963, GR0005971, GR0005976, GR0005980, GR0005988,
    GR0005994, GR0006025, GR0006052, GR0006056, GR0006066, GR0006072,
    GR0006073, GR0006075, GR0006094, GR0006169, GR0006175, GR0006177,
    GR0006179, GR0006198, GR0006232, GR0006233, and GR0006239.

The Court notes, however, that to the extent there are marginal comments that counsel believes may somehow be related to future litigation, Adams & Reese is permitted to produce those to the

---

[9] Document No. GR0005165 refers to a memorandum regarding the "calculation of damages if leases are rejected." (R. Doc. 205-5, Ex. A2, p. 5) The Court notes that lease was the issue and, because document was created on August 28, 2006, the Court concludes that it is highly relevant with respect to the purported joint representation of clients with conflicting interests.

[10] During the hearing, counsel for Adams & Reese indicated that he personally reviewed Document No. GR005190, which references a memorandum regarding issues related to the stalking horse bid placed by Greif. He noted that the document was, in fact, composed by an attorney and contains the mental impressions and legal conclusions of counsel. He offered to produce the document for *in camera* review and, as an alternative, offered to provide testimony as to the document's authenticity and authorship.
  The Court, however, declined these offers, and pointed out that the log itself includes the notation "N/A" or "not applicable" with respect to the author and addressee, respectively. The undersigned also reminded counsel that the Court has discretion to rule on the privilege log itself. The Court therefore finds, based upon the description in the log entry which failed to indicate the author and the recipient, that Document No. GR0005190 is not protected by the work product doctrine.

[11] During the hearing, counsel for Adams & Reese noted that Document No. GR0005697, which is an email regarding "waiver of the conflict with Greif," is an identical copy of the document which was withheld pursuant to the purported in-house counsel privilege. Counsel also noted that Adams & Reese had requested certification to the United States Circuit Court of Appeals for the Fifth Circuit with respect to the applicability of the in-house counsel privilege to certain documents in this case. Counsel therefore requested permission to withhold production of GR0005697 pending resolution of the in-house counsel issue.
  The Court notes that there may, in fact, have been a waiver with respect to this document, particularly where, as here, the document: (1) was placed in another client's file; (2) had nothing to do with the client; and (3) was not created for the purpose of providing legal advice to that client. The Court also reminds counsel that the present issue here is Greif. Furthermore, until recently, there was no suggestion in the written submissions to the Court that the in-house counsel argument was applicable. Finally, the Court emphasizes that, in the privilege log, Adams & Reese does not raise the in-house counsel privilege with respect to Document No. GR005697. Rather, it only raises work product. For all of these reasons, the Court declined counsel's request to withhold production of Document No. GR0005697. Hence, the Court hereby orders Adams & Reese to produce it, along with the other items as set forth in this opinion.

11

undersigned for *in camera* review. However, all drafts on negotiated deals must be produced to Asset.

The Court will permit Adams & Reese to submit GR0004851, which is an internal memorandum regarding the change in accounts in the Asset Purchase Agreement, for *in camera* review. Likewise, the Court also orders Adams & Reese to submit the following for *in camera* review, as well:

- GR0004782, GR00005143, GR0005248, GR0005183, GR0005190, GR0005195, GR0005202, GR0005216, GR0005218, GR0005241,[12] GR0005404, GR0005444, GR0005695, GR0005709, GR0005714, GR0005715, GR0005734, GR0005740, GR0005745, GR0005746, GR0005747, GR0005751, GR0005761,[13] GR0005765, GR0005766, GR0005780, GR0005786, GR0005788, GR0005790, GR0005791, GR0005797, GR0005801, GR0005804, GR0005811, GR0005813 GR0005816, GR0005827, GR0005894, GR0006006, GR0006007, GR0006022, GR0006024, GR0006057, GR0006058, GR0006090, GR0006095, GR0006217, GR0006218, and GR0006226.[14]

The Court finds that the following documents are irrelevant and therefore not discoverable:

- GR0005171, GR0005776, GR0005797, GR0005846, GR0005855, GR0005857, GR0005858, GR0006228, GR0006236, and GR0006237.

The Court finds, pursuant to the work product doctrine, that the following documents are protected from disclosure and therefore are not subject to production:

---

[12] The Court notes that Adams & Reese only has to produce Document No. GR005241 for *in camera* review if it is not a duplicate of GR0005195. The Court further notes that, to the extent that any documents are duplicates of earlier entries, the Court does not desire submission of any duplicate copies, including but not limited to Document Nos. GR0005746, GR0006027, and GR0006029–which are each duplicates of other items previously referenced in this opinion.

[13] Document No. GR0005761 is an email regarding Greif's purchase of the Evans Geismar Fill Plant. The Court notes that purchasing property typically is not litigation-related, whether it is related to a bankruptcy or otherwise. Nonetheless, the undersigned will review the document *in camera*.

[14] During the hearing, the undersigned initially indicated a desire to reserve the Court's ruling as to Document Nos. GR0005790, GR0005791, and GR0005813. However, upon further consideration, the Court has decided to review these documents *in camera* instead.

- GR0005845, GR0006026, GR0006028, GR0006062, GR006085, GR0006199, GR0006200, GR0006217, GR0006218, GR0006240, GR0006241, and GR0006242.

Finally, because counsel for Adams & Reese provided a deficient description in the privilege log with respect to certain items, the Court orders counsel to determine the nature of the following documents:

GR0005834, GR0005879, GR0005987, GR0006112, GR0006117, and GR0006121.

Adams & Reese is permitted to withhold these documents for a limited time in order to ascertain whether the work product protection applies. Counsel must provide the undersigned with supplemental information regarding the documents no later than fifteen (15) days from the signing of this Order.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Adams & Reese, LLP's **Motion To Resolve Issues Regarding the Applicability of Work-Product Privilege To Grief Documents Numbered 3100 Through 6243 (R. Doc. 202)** is hereby **GRANTED IN PART and DENIED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Adams & Reese shall produce the documents as ordered herein **no later than fifteen (15) days** from the signing of this Order.

**IT IS FURTHER ORDERED** that counsel for Adams & Reese shall submit the specified documents[15] to the undersigned for *in camera* review **no later than fifteen (15) days** from the signing of this Order.

**IT IS FURTHER ORDERED** that counsel for Adams & Reese shall provide the

---

[15] *See supra* pp. 8, 12.

undersigned with **supplemental information** regarding **Document Nos. GR0005834, GR0005879, GR0005987, GR0006112, GR0006117, and GR0006121 no later than fifteen (15) days** from the signing of this Order.

New Orleans, Louisiana, this 22nd day of May 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**