**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ASSET FUNDING GROUP, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2965** |
| **ADAMS AND REESE, L.L.P.** | **SECTION: "B"(4)** |

<u>**ORDER AND REASONS**</u>

For the following reasons, Defendant's appeal from the Magistrate Judge's December 1, 2008 order, Defendant's Motion for Reconsideration of the Court's November 17, 2008 Order and Reasons, and Defendant's Motion for Certification of the Court's November 17, 2008 Order under 28 U.S.C. 1292(b), Rec. Doc. 210, are **DENIED.** (See Rec. Docs. 204 and 207).

**BACKGROUND**

Plaintiff alleges Defendant engaged in negligent practice of the law by failing to timely inform Plaintiff of Defendant's contemporaneous representation of another company with interests that conflicted with Plaintiff's interests. (Rec. Doc. 6).

Plaintiff retained Defendant for representation against its former attorney, Jeffer Mengels. Plaintiff also retained Defendant for representation against Evans Industries, Inc.,(Evans) a company which declared bankruptcy while leasing properties from Plaintiff. Defendant concurrently represented Grief Industrial & Packaging Services, L.L.C.(Grief), a company

1

which later purchased Evans's interest in Plaintiff's properties at auction. (Rec. Doc. 207 at 4). Plaintiff alleges it was harmed by Defendant's concurrent representation of Grief during bankruptcy and lease negotiations. Because of the aforementioned circumstances, Plaintiff claims Defendant knew or should have known a conflict was created by Defendant's representation of both Plaintiff and Grief. (Rec. Doc. 6).

In the course of pretrial proceedings, Plaintiff filed a Request for Production of Documents which "demonstrate whether a conflicts check occurred; and/or pertain to Grief's interest in assuming the Master Lease Agreement." (Rec. Doc. 20). Defendant filed general objections which the Magistrate Judge overruled as noncompliant with Federal Rules of Evidence. Given the implications of another client's information being revealed, Magistrate Judge Roby allowed Defendant to submit a privilege log containing all documents which would be responsive to the request. (Rec. Doc. 80). The privilege log was considered by the Magistrate Judge *in camera*. (Rec. Doc. 145). Subsequently, the Magistrate Judge ordered specific documents contained in the privilege log produced, ruling these documents were not protected by attorney client privilege. (Rec. Doc. 145).

Defendant appealed Magistrate Judge Roby's ruling on the basis that the order failed to address whether and to what extent the in-house attorney client privilege would protect the documents at issue. (Rec. Doc. 149 at 20-22). This Court issued an Order and Reasons indicating that while the in-house attorney client privilege is a viable privilege in Louisiana, it is inapplicable to this litigation pursuant to federal jurisprudence which indicates the law firm's right to claim the in-house attorney privilege against its clients is vitiated in cases where communication implicates or creates a conflict between the law firm's fiduciary duties to itself and its duties to the client seeking to discover the communications. (Rec. Doc. 204).

Subsequent to this Court's November 17, 2008 Order, the Magistrate Judge ordered specific documents contained in the privilege log produced, ruling these documents were not protected by attorney client privilege (Rec. Doc. 207 at 15). In the same order, Magistrate Judge Roby ruled other documents contained in the privilege log were protected by the attorney work-product privilege and found the remaining documents not relevant to the subject matter of this litigation, and thus not subject to compelled disclosure. (Rec. Doc. 207 at 18).

From these two rulings Defendant both appeals and asks reconsideration and clarification, and alternatively, seeks certification for appeal. (Rec. Doc. 210). Defendant's motions and memoranda fail to address separately the issues of reconsideration, clarification, and appeal. (Rec. Doc. 210).

**DISCUSSION**

A motion to reconsider an order may be properly brought as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F. 3d 326, 327 n.1 (5th Cir. 2000). The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10(5th Cir. 1998). In describing the purpose behind a motion for reconsideration, the Fifth Circuit has held:

> [S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been raised before entry of judgment. Rather, Rule 59(e) serves to narrow the purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment is an extraordinary remedy that should be used sparingly.

*Id*. Accordingly, the court should refrain from altering or amending a ruling or judgment in the absence of one of the following circumstances: (1) the judgment is based upon manifest

errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  *Vernon v. Talamo*, No. 06-4644, 2007 WL 1259222, *1 (E.D. La. Apr. 27, 2007).

### A. Request for Clarification

Plaintiff has indicated in the record that it does not take the position that **all** documents contained in the privilege log are subject to compelled disclosure. (Rec. Doc. 215 at 7). Therefore, there is no basis for Defendant's request for clarification.  Moreover, there is no basis for reconsideration because none of the four previously mentioned circumstances warranting reconsideration is present.

### B. In-house Attorney Privilege

Allegations of a "*per se*" conflict created by Magistrate Judge Roby's Order and this Court's order are unfounded and based on an incomplete reading of the reasoning accompanying the respective Courts' orders.  Both this Court and the Magistrate Judge ruled that pursuant to federal jurisprudence, an in-house attorney privilege is vitiated when the firm knows of an existing conflict with a current client, seeks in-house advice regarding the conflict of interest, and continues representation of the

5

client. As indicated in this Court's November 17, 2008 Order and Reasons, while a law firm may seek legal advice from its own counsel on ethical issues and such advice is confidential, once the law firm learns that a client may have a claim against a firm or needs client consent in order to commence or continue representation of another client, the firm should disclose its communications on these issues. *Thelen Reid & Priest, L.L.P. v. Marland*, 2007 WL 57889 (N.D. Cal. 2007); (Rec. Doc. 204 at 7).

In the instant litigation, Defendant was allegedly engaged in contemporaneous representation of clients whose interests were intertwined to such an extent that Defendant knew or should have known it was obligated to seek a written waiver from its clients before engaging in further representation. Thus, the in-house attorney privilege would be inapplicable in this case if asserted against Plaintiff. This reasoning is consistent with federal jurisprudence, and thus is not "manifestly erroneous" as Defendant alleges. The apparent weaknesses in Plaintiff's position on the merits does not thereby bar its discovery of relevant information here. Accordingly, reconsideration is not appropriate.

**C. Rule 1.6 of the Louisiana Rules for Professional Conduct**

Defendant urges this Court to amend Magistrate Judge Roby's

ruling related to production of documents which Defendant claims are related to its representation of other clients because production would amount to a violation of Rule 1.6 of the Louisiana Rules for Professional Conduct Governing Lawyers. Rule 1.6 provides, "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." La.R.P.C. 1.6(a). In order for this court to amend the Magistrate Judge's ruling, Defendant must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2000).

Magistrate Judge Roby concluded these e-mails were relevant to the instant litigation because the communications demonstrate an ongoing relationship between Defendant and other clients in conflict with Plaintiff's interests. (Rec. Doc. 207 at 15). Accordingly, Magistrate Judge Roby's ruling is not manifestly erroneous. Furthermore, Rule 1.6(b)(6) provides that if a court has ordered an attorney to produce client communications, production would not constitute a violation of Rule 1.6.

**D. Assertion of the In-House Privilege Against its Client**

As previously discussed, a firm may assert the in-house privilege against its client with respect to communications regarding intra-firm ethical consultations unless and until the firm learns that its representation of the client conflicts with another client's interests, requiring an express waiver by the clients or the firm's cessation of representation of the clients. Defendant takes issue with this Court's interpretation of *In re SONICblue*, which is persuasive law from outside this jurisdiction, and urges the instant litigation is distinguishable from *SONICblue*. *SONICblue* is but one case in a line of federal jurisprudence considered by this Court to conclude that in the present litigation, the in-house attorney privilege was vitiated by Defendant's knowledge of a conflict with a pre-existing client. *In Re Sunrise Securities Litigation*, 130 F.R.D. 560, 597 (E.D.Pa. 1989); *Thelen*, 2007 WL 578989 at *7; *Koen Book Dist. v. Powell, Trachtman, Logan, Carrle, Bowman & Lombardo P.C.*, 212 F.R.D. 283 (E.D.Pa. 2002).

**E. Intervening Source of Law**

Defendant's assertion that this Court should reconsider its November 17, 2008 Order is erroneous. Jurisprudence indicates that reconsideration is appropriate when "an intervening change

in **controlling** law" emerges subsequent to the court's ruling. *Vernon*, No. 06-4644, 2007 WL 12592222, *1 (E.D. La. Apr. 27, 2007)(emphasis added). In a diversity action such as the instant litigation, the court must apply the state law of attorney client privilege. Fed. R. Evid. 501. Accordingly, Louisiana laws governing attorney client privilege control ethical issues in this litigation. Thus, an advisory opinion of the American Bar Association would not constitute a change in **controlling** law. Moreover, the opinion is dated October 17, 2008, and therefore was available prior to this Court's decision. Accordingly, ABA Opinion 08-453 does not warrant reconsideration of this Court's order.[1]

**F. Certification to Circuit under 28 U.S.C. 1292 (b)**

28 U.S.C. § 1292(b) authorizes a district judge to certify an issue for interlocutory appeal if the issue involves a controlling issue of law as to which there is substantial ground for a difference of opinion and if immediate appeal from the

---

[1] ABA Opinion 08-453 indicates that the Model Rules of Professional Conduct contemplate an in-house attorney client privilege based on the rules that allow attorneys to consult with an in-house advisor on ethical issues. Ultimately, the article concludes "whether a consultation with a firm's in-house counsel creates a conflict of interest between the firm and its client depends on the nature of the consultation and on the respective interest between the firm and its client depends on the nature of the consultation and on the respective interest between the firm and its clients at the time." (Rec. Doc. 210-2 at 2). This conclusion is not inconsistent with the jurisprudence considered by this court in its November 17, 2008 Order and Reasons.

order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Court finds that Defendant is unable to satisfy the requirements of 28 U.S.C. § 1292(b). Specifically, the Court finds its decision regarding the applicability of the in-house attorney client privilege in this case is not an issue of considerable disagreement, and appeal of this issue would not lead to the resolution of the instant litigation.

Accordingly,

**IT IS ORDERED** that Defendant's Motions for Reconsideration, Clarification, and for Certification of Appeal (Rec. Doc 210) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall comply with the subject orders **no later than Monday, June 15, 2009**.

New Orleans, Louisiana, this 4th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE