**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**ASSET FUNDING GROUP, LLC, et al**                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 07-2965**

**ADAMS AND REESE, LLP**                         **SECTION: "B"(4)**


## ORDER AND REASONS


Before the Court is Defendant's Motion to Stay Effect
of Order and Reasons of June 5, 2009 (Rec. Doc. No. 305)
Pending Appeal and Alternative Motion for Extension of Time
for Compliance (Rec. Doc. No. 307).    For the following
reasons, the motion to stay is **DENIED** and the alternative
motion for an extension to comply is **GRANTED**, extending the
current compliance deadline to August 10, 2009.


## BACKGROUND

This is a diversity action filed by Asset Funding
Group and its affiliate companies (Plaintiffs), a
California-based company, against its former law firm Adams
& Reese (Defendant), a Louisiana limited liability
partnership.

Defendant was retained by Plaintiff to represent them
against their former attorney, Jeffer Mengels.   Defendant

was also retained to represent Plaintiff against Evans Industries, Inc., (Evans), which declared bankruptcy while leasing properties from Plaintiff. Defendant during this time also represented Grief Industrial & Packaging Services, L.L.C. (Grief). Defendant advised and assisted Grief with its later purchase of Evans' interest at auction. (Rec. Doc. 207). Plaintiffs allege that Defendant failed to timely inform them of a conflict of interest, and thus provided substandard and negligent representation and breached its fiduciary duties. (Rec. Doc. No. 6).

During pretrial proceedings, Plaintiffs filed a Request for Production of documents which "demonstrates whether a conflicts check occurred; and/or pertain to Grief's interest in assuming the Master Lease Agreement." (Rec. Doc. No. 6). Defendant filed its objections, which were overruled by the Court as non-compliant with the Federal Rules of Civil Procedure. However, given the implications of another client's information being revealed, the Magistrate Judge allowed Defendant to submit a privilege log (Rec. Doc. No. 80). On August 27, 2008, the Magistrate Judge ordered specific documents in the privilege log to be produced, ruling that these documents were not protected by attorney-client privilege (Rec. Doc.

No. 145). Defendant subsequently appealed that ruling (Rec. Doc. No. 165-2).

On November 17, 2008, this Court affirmed the Magistrate Judge's Order. (Rec. Doc. No. 204). Subsequently, on December 1, 2008, Magistrate Judge Roby ruled upon the remaining documents, which she previously had taken under advisement. Magistrate Judge Roby held that attorney-client privilege did not shield the in-house communications in Defendant's privilege log. *Id.* at 15.

In response, Defendant filed a Motion for Reconsideration of this Court's November 17, 2008 Order (Rec. Doc. No. 204); Motion for Appeal of Magistrate Judge Roby's December 1, 2008 order (Rec. Doc. No. 207); and Motion for certificate of Appealability (Rec. Doc. No. 210). However, on June 5, 2009, this Court denied all Defendant's motions, (Rec. Doc. No. 305) and ordered Defendant to produce communication between Defendant's attorneys and Defendant's in-house counsel pertaining to Defendant's attorneys' compliance with their ethical duties (Rec. Doc. No. 307-3).

Defendant subsequently filed a Notice of Appeal of the June 5, 2009 Order pursuant to 28 U.S.C. § 1291 and filed the instant Motion to Stay the effect of the June 5th Order pending the Fifth Circuit's ruling, or alternatively extend

the time for compliance with that Order until resolution of Defendant's appeal. (Rec. Doc. No. 307).

**DISSCUSION**

Generally, discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). Discovery orders therefore, do not constitute final decisions under §1291 and are not appealable. *Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992). However, the collateral order doctrine, enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), provides that a "trial court order is an appealable §1291 'final decision' when it represents 'a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it' and which presents 'a serious and unsettled question' of law." *Southern Methodist Univ. Ass'n of Woman Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979). *Cohen*, 337 U.S. at 546.

The collateral order doctrine "is best understood not as an exception to the 'final decision' rule laid down by

Congress in §1291, but as a 'practical construction' of it." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)(*quoting Cohen*, 337 U.S. at 546). To qualify as an arguable collateral order under *Cohen*, an order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). However, jurisdiction will not be available under the collateral order doctrine unless all three requirements are met. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

Defendant argues that the challenged discovery order is an appealable "collateral order" under *Cohen*. While the challenged discovery order would likely meet the first and second requirements of the *Cohen* test, it fails to meet the third requirement. The first requirement is satisfied because the Court's order conclusively determined that the communication between Defendant's attorneys and Defendant's in-house counsel is not protected by the attorney-client privilege. (Rec. Doc. No. 305). The second requirement is also satisfied. The attorney-client privilege is an important privilege that protects certain disclosures

between attorneys and their clients. Additionally, the Court found the specific documents are discoverable material important to the present case. Further, resolution of the privilege and discovery issues is completely separate from and does not decide the merits of the case.

As for the third requirement, the Court does not find that the discovery order that implicates the attorney-client privilege would be effectively unreviewable on appeal from a final judgment. If the Fifth Circuit were to find that privileged information was wrongly turned over to Plaintiffs and was used to the detriment of Defendant at trial, the Fifth Circuit has the authority to reverse any adverse judgment and require a new trial, forbidding any use of the improperly disclosed documents. *Boughton, et al., v. Cotter Corp*, 10 F.3d 746, 749 (10th Cir. 1993). Additionally, Plaintiffs "would also be forbidden to offer any documents, witnesses, or other evidence obtained as a consequence of their access to the privileged documents." *Id*.

Furthermore, the Fifth Circuit has held that discovery orders "do not constitute final decisions" for the purposes of §1291 and "are not appealable under the *Cohen* collateral order doctrine." Wiwa v. Royal Dutch Petroleum Co., 392

F.3d 812, 815 (5th Cir. 2004). *See A-Mark Auction Galleries, Inc. v. American Numismatic Assoc.*, 233 F.3d 895, 899 (5th Cir. 2000) (restating the general rule that it is well-settled that in this circuit, discovery orders may not be appealed under the *Cohen* exception).

In seeking a stay pending appeal, Defendant must show (1) that it has a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) whether granting of the stay would serve the public interest. *Drummond v. Fulton County Dep't of Family and Children's Services*, 532 F.2d 1001, 1002 (5th Cir. 1976); *In re Bading,* 2008 WL 194350, *1-2 (Bkrtcy. W.D. Tex. 2008)(*citing In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987)).

Defendant has not satisfied the *Drummond* criteria warranting a stay of proceedings pending the interlocutory appeal. (Rec. Doc. No. 307). Defendant argues that the Court's order is appealable under *Cohen* and that the privilege between Defendant's attorneys and Defendant's in-house counsel pertaining to compliance with ethical duties, once revealed, can never again be concealed. (Rec. Doc. No. 307-3 at 4). However, as previously stated, if the Fifth

Circuit was to find that privilege information was wrongly turned over to the Plaintiff and was used to the detriment of Defendant at trial, the Fifth Circuit has the authority to reverse any adverse judgment and require a new trial, forbidding any use of improperly disclosed documents. *Boughton,* 10 F.3d at 749. Furthermore, "The weight of authority has found that, even the risk an appeal may become moot is not an irreparable injury." *In re Kummer*, 2009 WL 73252, *2 (D.Nev. 2009). Thus, to avoid undue prejudice to Defendant's ability to file and timely comply with the subject orders, Defendant's time to comply is extended until August 10, 2009. Accordingly,

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Stay is **DENIED** and the alternative motion for an extension to comply is **GRANTED**, extending the current compliance deadline to August 10, 2009.

New Orleans, Louisiana, this 31st day of July, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE