# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

ASSET FUNDING GROUP, L.L.C.                           CIVIL ACTION

V.                                                    No. 07-2965

ADAMS & REESE, L.L.P.                                 SECTION "B"(4)


### ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment. (Rec. Doc. No. 426). The motion is opposed. (Rec. Doc. 440).

Defendant moves for partial summary judgment under Fed. R. Civ. P. 56 of the Plaintiff's claims of 1) damages for alleged failure to protect Asset Funding Group's ("AFG") interest in the $700,000 insurance payment to Evans Industrial, Inc. ("Evans"), 2) damages for alleged failure to advise AFG to incur remediation costs prior to the bar date for filing such claims and for failure to file a proof of claim requesting that environmental and remediation costs and damages be granted priority over other unsecured creditors' claims, and 3) damages for the alleged failure to compel assumption of AFG's Master Lease. For the following reasons, **IT IS ORDERED** that the instant motion is **DENIED** without prejudice to re-urge at a later time.

**Facts of the Case:**

The Court is already very familiar with the background of

this case. The relevant background facts are set forth in this Court's separate Order and Reasons (Rec. Doc. Nos. 511, 275).

**Law and Analysis:**

**I. Standard of Review for Summary Judgment**

Summary judgment is available if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. of Civ. P. 56. The moving party has an initial burden of demonstrating the absence of a genuine issue of material fact. *Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, 638 F.Supp.2d 692, 696 (E.D. La. 2009); *See also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment is improper if a disputed material fact exists, which is defined as a fact that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Once the moving party establishes that insufficient evidence is within the record to support an essential element of the opposing party's claim, the burden shifts to the non-moving party. 638 F.Supp.2d at 693-94. The non-movant must then demonstrate that an issue of fact does exist, by identifying specific facts on the record or by submitting additional evidence. *Id.* at 694. Summary judgment is appropriate if "no reasonable trier of fact could find for the nonmoving party." *Id.* at 693.

**II. Plaintiff's Claims to Insurance Proceeds and Environmental Remediation Costs and Damages**

Defendant contends that Fed. R. Civ. P. 56 should be applied to summarily adjudicate Plaintiff's claims that Defendant 1) failed to sufficiently protect AFG's interest in certain insurance proceeds and 2) did not properly represent its administrative claim to environmental remediation costs and damages during the Evans bankruptcy proceedings. Rec. Doc. 426-2 at 1. Defendant argues that U.S. Bankruptcy Judge Magner's September 16th decision indicates that no genuine issue of material fact exists with regards to these claims. In other words, Defendant alleges that the bankruptcy court's denial of Plaintiff's claims unequivocally demonstrates that Plaintiff had no interest in the contested insurance proceeds or environmental damages. Defendant argues that as a result of Judge Magner's decision, Plaintiff cannot argue that its interests were improperly protected.

**a. Defendant's Improper Reliance on Judge Magner's Ruling as Evidence of Uncontroverted Facts**

Defendant's argument mischaracterizes the bankruptcy court's decision as evidence that no genuine issue of material fact exists in the instant action for negligent representation of Plaintiff's interests. The factual findings contained in Judge Magner's decision cannot be relied upon here as evidence of an absence of all material facts. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998). Although Fed. R. Evid. 201 allows a district court to take judicial notice of "adjudicative facts," the

Fifth Circuit Court of Appeals has held that judicial notice of another court's "factual findings" is only permissible in narrow circumstances. *Id*. Judicial notice of factual findings generally falls outside the scope of Fed. R. Evid. 201, because such facts are almost always subject to "reasonable dispute." *Id.* at 829. While admissable at trial with a limiting instruction, the ruling at issue does not warrant granting summary judgment at this time.

Judge Magner's factual findings and legal determinations cannot be used in the instant motion for "broader purposes" than merely indicating that a specific judicial act was taken, noting therein evidence of defendant's representative works for plaintiffs. 162 F.3d at 831. For example, in *United States v. Jones*, 29 F.3d. 1549, 1553 (11th Cir. 1994), the court held that although the factual issue of whether an employee refused to work had been decided by another court, the order itself could only be used as evidence to prove "the judicial act that the order represents."

**b. Collateral Estoppel does not Apply to Preclude Plaintiff's Claims of Negligent Representation**

Defendant contends that Plaintiff cannot prove its claim without "collaterally attack[ing] Judge Magner's finding" that it had no interest in the insurance proceeds or environmental damages. Rec. Doc. 426-2 at 8. The issues in this case, however, are

distinct from the proceeding before Judge Magner and are therefore not precluded.

The doctrine of collateral estoppel provides that "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n. 6 (1982). Issue preclusion occurs under collateral estoppel if the issue at stake is identical to the one involved in the prior litigation, was actually litigated, and if the determination of the issue was a necessary part of the judgment in that earlier action. *Meza v. General Battery Corp.*, 908 F.2d 1262, 1274 (5th Cir. 1990). To determine whether the issue in a current suit is identical to that of a prior suit, the facts and the applicable legal standard must be the same in each instance. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 n.1 (5th Cir. 1991). The purpose of collateral estoppel is to prevent the possibility of opposite results based on the same facts and to protect the integrity of prior judicial decisions. *United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.*, 569 F. Supp. 2d 646, 649 (E.D. La. 2008).

Plaintiff's complaint states that Defendant failed to sufficiently protect its interest in certain insurance proceeds and did not properly represent Plaintiff's administrative claim to environmental damages. Rec. Doc. 213 at 13-14. The issues upon which Defendants seek summary judgment are both factually and

legally distinct from the issues decided during the Evans bankruptcy proceedings. The party seeking collateral estoppel must establish that "the facts sought to be litigated in the second action were fully and fairly litigated in the prior action." *J.M. Muniz, Inc. v. Mercantile Tex. Credit Corp.*, 833 F.2d 541, 544 (5th Cir. 1987). Here, the issue of whether Defendant properly represented Plaintiff requires analysis of a distinct set of facts that were not contemplated in the prior bankruptcy proceedings. Judge Magner's decision was based on the facts surrounding the settlements negotiated between Lexington Insurance Company, AFG, and Evans. Rec. Doc. 426-4 at 1-3. The facts section of Judge Magner's decision does not mention any of Plaintiff's current factual allegations regarding Defendant's performance during the bankruptcy proceedings.

Collateral estoppel is inapplicable when the legal standard used to assess the factual allegations is distinct. *Southern Pac. Transp. Co. v. Smith Material Corp.*, 616 F.2d. 111, 115 (5th Cir. 1980). In *Petro-Hunt, L.L.C. v. United States*, 365 F.3d. 385, 397 (5th Cir. 2004), the Fifth Circuit held that one party was not precluded from litigating a choice-of-law issue that had not been considered in the prior case. Similarly, in this case Plaintiff seeks adjudication of the distinct legal issue of whether Defendant provided sufficient legal representation and fulfilled its fiduciary duty to the Plaintiff. *See Id.* Judge Magner considered a different set of legal issues involving the application of

bankruptcy law.  Here, Plaintiff presents legally and factually distinct issues to which the doctrine of collateral estoppel does not apply.

**c. Defendant is not Entitled to Summary Judgment of Plaintiff's Claim that Defendant Failed to Sufficiently Protect its Interest in a $700,000 Insurance Payment**

To succeed in its motion for partial summary judgment Defendant not only has the burden of showing the absence of a genuine issue of fact, but must also demonstrate that "the applicable controlling law requires a decision in the movant's favor." 1 Moore's Federal Practice, § 56.11 (3d ed. Mathew Bender 2009); *See also* Fed. R. Civ. P. 56.  Plaintiff claims that Defendant failed to sufficiently protect its interest in $700,000 of disputed insurance proceeds.  Although Defendant took multiple actions to preserve Plaintiff's alleged claim, it remains unclear whether Defendant's representation was sufficient to protect AFG's interest.  Neither party cites any case law to provide the legal standard for the minimum and necessary actions that Defendant should have taken as Plaintiff's counsel. Defendant indicates that its representation included the negotiation of an express reservation of AFG's rights to any insurance proceeds in Evans' Amended Plan for Reorganization.  Defendant also represented AFG's claim to the $700,000 payment before U.S. Bankruptcy Judge Magner.  These facts alone, while convincing, do not necessarily support the conclusion that Defendant fulfilled its duty to protect Plaintiff's

financial interests. Plaintiffs present minimal but sufficient evidence to create a material factual dispute here.

**III. Plaintiff's Claim that Defendant Failed to Take Appropriate Action to Secure Assumption and Assignment of the Master Lease**

Defendant also moves for summary judgment of Plaintiff's claim that Defendant did not take sufficient action to compel the assumption and assignment of the master lease. To establish a claim for legal malpractice in the state of Louisiana, Plaintiff must prove the existence of an attorney-client relationship, negligent representation by the attorney, and loss caused by that negligence. *Teague v. St. Paul Fire & Marine Ins. Co.*, 974 So. 2d 1266, 1272 (La. 2008). Defendant argues that Plaintiff cannot prove an essential element of its claim, because proof of negligent action requires a showing that Defendant had a duty to cause assumption of the lease. *See Pinsonneault v. Merchs. & Farmers Bank & Trust Co.*, 816 So. 2d 270, 276 (La. Apr. 3, 2002)(holding that the threshold question in determining negligence is whether defendant owed a duty to the plaintiff). Although Defendant correctly defines the legal standard in negligence claims, Defendant has misinterpreted Plaintiff's claim and as a result has improperly defined the duty owed.

Plaintiff's complaint does not allege that Defendant had a duty to unlawfully compel Evans to assume the lease. Although the assumption or rejection of a lease is vested solely in the debtor under the Bankruptcy Code, see 11 U.S.C. § 365, Plaintiff alleges

that Defendant could have taken several lawful actions to influence the debtor's decision, Rec. Doc. 213. For example, the Fifth Circuit has recognized the right of the non-debtor to file a motion to compel assumption or rejection of a lease within a specified period of time. *Bonneville Power Admin. v. Mirant Corp.*, 440 F.3d 238, 254 (5th Cir.2006). It is also within the bankruptcy court's discretion to shorten or lengthen the amount of time the debtor has to decide whether to assume a lease. *In re Adelphia Communs. Corp.*, 291 B.R. 283, 292-93 (Bankr. S.D.N.Y. 2003). Although the Bankruptcy Code clearly encourages providing the debtor with enough breathing room to decide between assumption or rejection, this time period is not unlimited. *Id. at 292.* A motion to compel a shorter period of time for decision-making does not violate the Bankruptcy Code's policy of empowering the debtor to make the assumption decision, because ultimately the trial court has the discretion to limit this period time. *Id.* Plaintiff does not allege that Defendant had a duty to compel assumption of the master lease, but instead complains that Defendant failed to take certain lawful actions that could have affected the debtor's decision. However weak and somewhat speculative Plaintiffs' evidence may be here, it defeats summary disposition at this time.

**IV. Damages Sought for the Alleged Failure to Cause Assumption of the Master Lease:**

Defendant argues that Plaintiff's damages for the alleged failure to cause assumption of the master lease should be limited

to the statutory lease rejection damages permitted under 11 U.S.C. §502(b)(6). Rec. Doc. 426-2 at 14. Under this statutory provision, Plaintiff acknowledges that it would be entitled to "an unsecured claim of the greater of one year's rent or 15% of the remaining rent due under the Master Lease." Rec. Doc. 213. Plaintiff argues, however, that Section 502(b)(6) only applies to lease rejection claims rather than to the type of damages that the Plaintiff claims in this case. Rec. Doc. 440 at 19. Here, Plaintiff alleges damages for the money it would have earned from a third party's assumption of the lease, but for Defendant's breach of duty owed to the Plaintiff. Rec. Doc. 440 at 20.

Plaintiff has the burden as the non-moving party of demonstrating that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party's burden requires the identification of specific facts, which may be provided in affidavits or other forms of admissible evidence. 1 Moore's Federal Practice, § 56.13 (3d ed. Mathew Bender 2009). Plaintiff's opposition to Defendant's motion for summary judgment contains citations to the affidavits and depositions of various witnesses. Rec. Doc. 440 at 20. For example, Plaintiff provides testimony from Defendant's expert witness, H. Kenneth Lefoldt, that supports an estimation of damages totaling over five million dollars for the rejection of the lease. Rec. Doc. 440 at 20. Also presented is the report of Steven A. Felsenthal, which provides that the calculation of Plaintiff's

damages is a factual issue highly dependent on whether the totality of the circumstances of this case are considered. *Id.* The evidence presented reveals that the specific quantity of Plaintiff's damages, as well as the issue of whether the plaintiff actually suffered damages resulting from Defendant's negligent representation, present genuine factual issues for trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment is **DENIED** without prejudice to re-urge at a later time.

New Orleans, Louisiana, this 12th day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE